# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Adewale Alaba Alli,

        Defendant.

**ORDER**
Criminal No. 09-mj-354(6) ADM

___

Clifford B. Wardlaw, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Rick E. Mattox, Esq., Prior Lake, MN, on behalf of Defendant.

___

This matter is before the undersigned United States District Judge for consideration of Defendant Adewale Alaba Alli's ("Alli") Appeal [Docket No. 113] of Magistrate Judge Arthur J. Boylan's October 2, 2009 Order [Docket No. 106], which denied Alli's Motion to Immediately Dismiss Complaint and Release from Custody [Docket No. 101]. For the reasons set forth below, Alli's Appeal is denied.

Because more than 30 days have passed since his September 2, 2009 arrest and he has not yet been indicted, Alli claims his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, have been violated, requiring dismissal of the charges against him and his release from custody. Under 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The United States of America ("the Government") argues that no violation of the Act has

occurred because 18 U.S.C. § 3161(h) excludes from the 30-day time period the time that has passed while multiple motions filed by several of Alli's codefendants have been pending.

Alli argues that motions filed by other defendants (which are not his motions) do not result in the exclusion of any time from the 30-day requirement in § 3161(b) as it applies to him. The case law is contrary to Alli's argument. In United States v. Fuller, the defendant's codefendants filed several motions before trial. 942 F.2d 454, 457 (8th Cir. 1991), cert. denied, 502 U.S. 914 (1991). The Eighth Circuit noted that "the Act excludes '[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.'" Id. (quoting 18 U.S.C. § 3161(h)(6)).[1] The court explained that the time during which the codefendants' motions were being considered was excludable under 18 U.S.C. § 3161(h)(1)(D).[2] Id. Thus, with regard to the defendant, the Eighth Circuit held that "[m]otions filed by one defendant in a multi-defendant case count as motions filed by all of the defendants, and the reasonable time taken to determine those motions will count as excludable time for all defendants." Id.

---

[1] Prior to amendments to § 3161 in 2008, the language currently found in subsection (h)(6) was in subsection (h)(7). The language in the subsection (h)(6) of the current version of the statute and the language in subsection (h)(7) of the former version are identical. For convenience, the Court will cite to the provision as subsection (h)(6), its designation in the current version of the statute.

[2] Subsection (h)(1)(D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Prior to amendments to § 3161 in 2008, the language currently found in subsection (h)(1)(D) was in subsection (h)(1)(F), but the language in subsection (h)(1)(D) of the current version of the statute is identical to the language in subsection (h)(1)(F) of the former version. For convenience, the Court will cite to the provision as subsection (h)(1)(D), its designation in the current version of the statute.

Alli argues his situation is different than the defendant's in Fuller because the motions filed by his codefendants are not "pretrial motions," but rather, they are motions related to "detention." Def.'s Mem. in Supp. of Appeal [Docket No. 114] at 2. An attempt is made to draw from that distinction an argument that "detention" motions do not trigger the exclusion under subsection (h)(1)(D), which refers only to "pretrial motions." Again, the case law is to the contrary; motions relating to detention are deemed "pretrial motions" within the meaning of subsection (h)(1)(D). See United States v. Moses, 15 F.3d 774, 776-77 (8th Cir. 1994); see also United States v. Wirsing, 867 F.2d 1227, 1230-31 (9th Cir. 1989) (joining the Fifth and Sixth Circuits in holding that motions dealing with detention review are excludable under (h)(1)(D)).

The Court recognizes that Alli's claim of a violation of the Speedy Trial Act relates to the time period between arrest and indictment, as opposed to the time period between indictment and trial. But as other courts have observed, the Speedy Trial Act "makes no distinction regarding the applicability of exclusions under § 3161(h)(1) to the pre-indictment period . . . and the pretrial period." United States v. Pete, 525 F.3d 844, 852 (9th Cir. 2008); see also United States v. Martinez-Martinez, 369 F.3d 1076, (9th Cir. 2004) ("The precise language of § 3161(h) states that the 'periods of delay' set forth in (h)(1)-(9) shall be excluded when computing the time elapsed in the pre-indictment period *or* the pretrial period.").

In sum, the time during which the motions filed by Alli's codefendants have been pending is excludable under subsection (h)(1)(D), and is applicable to Alli by operation of subsection (h)(6). Therefore, **IT IS HEREBY ORDERED** that Alli's Appeal [Docket No. 113] of Magistrate Judge Arthur J. Boylan's October 2, 2009 Order [Docket No. 106] is **DENIED** and

Alli's Motion to Immediately Dismiss Complaint and Release from Custody [Docket No. 101] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 30, 2009.